UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO JORDAN,

        Petitioner,        Case Number: 21-11262
                                     Honorable Paul D. Borman

v.

JONATHAN HEMINGWAY,

        Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Antonio Jordan is an inmate at the Federal Correctional Institution in Milan, Michigan. Proceeding *pro se*, Jordan has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Jordan claims that, pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (June 21, 2019), he is actually innocent of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and that his sentence should not have been enhanced pursuant to 18 U.S.C. § 924(e).

Rule 4, Rules Governing Section 2254 Cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the court may summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994)

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 Cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes that the petition should be denied.

### I.  Background

On June 14, 2010, Jordan pleaded guilty before the Honorable George Caram Steeh to being a felon in possession of a firearm. *See United States v. Jordan*, No. 09-20490. The district court determined that the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), required a minimum sentence of 180 months based on Jordan's three prior convictions for serious drug offenses. *See United States v. Jordan*, No. 09-20490, 2014 WL 2116230, at *1 (E.D. Mich. May 21, 2014). On November 30, 2011, the Court sentenced Jordan to a within-guidelines sentence of 188 months.[1]  *Id.*  Jordan's sentence was affirmed on appeal. *United States v. Jordan*, 509 F. App'x 532 (6th Cir. 2013).

---

[1]  Jordan was sentenced more than a year after he pleaded guilty because, on the date set for his initial sentencing hearing, Jordan absconded from the courthouse. *United States v. Jordan*, No. 09-CR-20490, 2021 WL 807931, at *1 (E.D. Mich. Mar. 3, 2021). He remained a fugitive for over a year. *Id.*

2

In 2014, Jordan filed a motion pursuant to 28 U.S.C. § 2255 challenging the ACCA enhancement and claiming that he received ineffective assistance of counsel. The Court denied the motion. *See* 5/21/2014 Order, *United States v. Jordan*, No. 09-20490 (ECF No. 55). Jordan later filed several requests for authorization to file a successive § 2255 motion. These requests were repeatedly denied.

On May 19, 2021, Jordan filed the pending petition under 28 U.S.C. § 2241.

## II.  Discussion

Jordan raises two claims in his petition. First, he asserts he is innocent of violating 18 U.S.C. § 922(g) in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (June 21, 2019). In *Rehaif*, the Court held to be convicted under § 922(g), the government must prove that a defendant knew he possessed a firearm *and* "that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200. Second, Jordan claims that he is innocent of the sentence enhancement under 18 U.S.C. § 924(e) because he does not have the necessary three prior convictions. He brings this action as a habeas petition under 28 U.S.C. § 2241.

The proper avenue for relief on a federal prisoner's claim that his conviction and sentence were imposed in violation of the federal constitution or federal law is a motion to vacate or correct sentence under 28 U.S.C. § 2255. *United States v.*

*Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). "The circumstances in which § 2255 is inadequate and ineffective are narrow." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Id.* at 758. It is Jordan's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Truss v. Davis*, 115 F. App'x 772, 774 (6th Cir. 2004) (citing *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)).

Jordan's claim of factual innocence is based on a change in law. To show that § 2255 provides an "inadequate or ineffective" remedy to present his *Rehaif*-based claim, he must show: "'(1) the existence of a new interpretation of statutory law, (2) issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) that is retroactive, and (4) applies to the petition's merits such that it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McCormick v. Butler*, 977 F.3d 521, 525 (6th Cir. 2020) (quoting *Hill v. Masters*, 836 F.3d 591, 594-95 (6th Cir. 2016)) (additional quotations omitted).

4

Jordan likely satisfies the first three criteria. *Rehaif* is a new interpretation of statutory law, it was issued after Jordan filed his first § 2255 motion, and it applies retroactively to cases on collateral review. *See Baker v. United States*, No. 19-6025, 2021 WL 2021481 at *1 (6th Cir. May 20, 2021) (the Sixth Circuit accepted the government's concession "that *Rehaif* applies retroactively"); *see also Kelley v. United States*, No. 20-5448, 2021 WL 2373896 at *2 (6th Cir. Feb. 5, 2021) (per curiam) (concluding that *Rehaif* applies retroactively).

Jordan, however, does not satisfy the fourth factor. He fails to establish that it is more likely than not that no reasonable juror would have convicted him of § 922(g) in light of *Rehaif*. Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). In *Rehaif*, the Supreme Court held that to convict a defendant under § 922(g), the government must prove the defendant knew that he possessed a firearm and also "that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194.

Jordan claims actual innocence on the basis that he did not know he was a felon at the time of this offense.[2] Under *Rehaif*, the government would have to

---

[2] Jordan also argues that he is actually innocent of violating § 922(g)(1) because he was not on parole or probation when he was charged for being a felon in possession. In addition to not being based on a new interpretation of statutory law, this claim is meritless because a defendant need not be on parole or on probation to be charged as a felon in possession of a firearm. Instead, a defendant need only be

5

prove that Jordan knew of his status of having a felony conviction—specifically, that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). Jordan admitted during the plea hearing that, on the day he was arrested for possessing the firearm, he knew that, as a convicted felon, it was unlawful for him to possess a firearm. *United States v. Jordan,* No. 09-cr-20490 (ECF No. 38, PageID.120-21.) That admission supports an inference that he had the "requisite knowledge of his status for a § 922(g)(1) violation." *United States v. Raymore*, 965 F.3d 475, 485 (6th Cir. 2020); *see also United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it.") (quotation omitted). Additionally, a 1993 state-court plea agreement, signed by Jordan, shows that he was informed that the crime to which he was entering a plea would result in a minimum sentence of two years and a maximum of 40 years. *See*

---

"convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). It is the possible term of imprisonment, not the actual sentence received, that matters under § 922(g)(1). *See United States v. Bates*, 730 F. App'x 281, 285 (6th Cir. 2017) ("[U]nder § 922(g)(1), the relevant inquiry is not whether [a defendant] *received* a sentence exceeding one year of incarceration … but rather whether the offense for which he was convicted is *punishable* by a term of imprisonment exceeding one year.") (emphasis in original). Jordan admitted at the plea hearing to a prior drug-related conviction of a crime punishable by up to forty years. *United States v. Jordan,* No. 09-cr-20490 (ECF No. 38, PageID.120.). The prior drug conviction qualified Jordan for conviction under § 922(g)(1).

*United States v. Jordan,* Case No. 09-cr-20490 (ECF No. 29-3, PageID.96). It follows that Jordan knew that he had been convicted of an offense that was punishable by more than a year in prison. *See United States v. Hobbs*, 953 F.3d 853, 858 (6th Cir. 2020) ("No reasonable juror could have believed" defendant was unaware of felony status where he served six years' incarceration on prior conviction). Jordan provides no basis to find that a reasonable juror would conclude he was unaware that he was a felon at the time he possessed the firearm at issue. Jordan has therefore failed to demonstrate entitlement to bring his *Rehaif* claim under the savings clause of § 2255(e).

Jordan also claims he should be permitted to proceed under § 2241 because he is innocent of the sentence enhancement imposed pursuant to the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e). Generally, the savings clause does not authorize a petitioner to proceed under § 2241 on "[c]laims alleging 'actual innocence' of a sentencing enhancement." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). The Sixth Circuit has allowed a "narrow subset" of prisoners to use § 2241 to challenge a career-offender enhancement:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 ... (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599-600.

7

Jordan was sentenced was sentenced in 2011, well after *Booker* rendered the sentencing guidelines merely advisory. Accordingly, he may not use § 2241 to challenge his sentence enhancement.

### III. Conclusion

The Court concludes that neither of Jordan's claims state a basis for review under 28 U.S.C. § 2241. Accordingly, the Court DENIES the petition for a writ of habeas corpus.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 14, 2021